UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

**GILERY ENTZMINGER, ET AL.**

    *Plaintiffs,*

v.                                            CIVIL ACTION NO.:  3:25cv878

**LEXINGTON INSURANCE COMPANY,
ET AL.,**

    *Defendants.*

## NOTICE OF REMOVAL

Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, Pa. (incorrectly named as "National Union Fire Insurance Company") ("National Union") remove this case under 28 U.S.C. §§ 1332, 1441, and 1446.

## FACTUAL BACKGROUND

1. Plaintiffs Gilery W. Entzminger and Timothy Klabunde filed their complaint in the Circuit Court of the County of Dinwiddie on or about September 22, 2025. See **Exhibit A** (a copy of the complaint and exhibits as filed in state court). Neither National Union nor Lexington received a copy of the filed complaint by means other than service of process before being served.

2. National Union's agent, Corporation Service Company ("CSC") received service of process on October 2, 2025. See **Exhibit B** (a copy of CSC's notice of service of process form and a copy of the Summons, but excluding the attached complaint and its exhibits to avoid duplication with Exhibit A).

3. The State Corporation Commission ("SCC"), as statutory agent for Lexington, received service of process on October 3, 2025. See **Exhibit C** (a copy of the SCC's notice letter

1

to Lexington and the enclosed summons, but again excluding the attached complaint and its exhibits to avoid duplication with Exhibit A).

4. This Notice of Removal accordingly was filed within 30 days of service on either removing defendant.

5. National Union and Lexington will file a notice with the state court that the case has been removed, in a form substantially similar to the attached **Exhibit D**. National Union and Lexington will provide all other required notices to the appropriate parties.

## DIVERSITY JURISDICTION

6. This case is removable under 28 U.S.C. § 1332 because the removing defendants, National Union and Lexington, are completely diverse as to all other relevant parties and because the amount in controversy exceeds $75,000.

7. The amount in controversy exceeds $75,000 because the complaint seeks declaratory relief regarding rights to insurance policy limits of $1 million and $4 million. See **Exhibit A**'s prayer for relief (document pages 14-16); see also **Exhibit A**'s Exhibits 1 and 2 prayers for relief (underlying suits each seeking over $10 million).

8. As averred in contemporaneously filed Rule 7.1(a)(2) disclosure statements (ECF numbers pending), National Union Fire Insurance Company of Pittsburgh, Pa. is incorporated in Pennsylvania and maintains its principal place of business in New York, and Lexington Insurance Company is incorporated in Delaware and maintains its principal place of business in Massachusetts. Relevant states of citizenship on the defense side accordingly are Pennsylvania, New York, Delaware, and Massachusetts.

9. When an insurance company defendant removes a declaratory judgment action that seeks a declaration regarding coverage under a policy that it issued, the federal court realigns the

parties for purposes of determining diversity jurisdiction to compare the state(s) of citizenship of the insurer with the state(s) of citizenship of the tort claimant(s) and insured(s). *See, e.g.*, *Smallwood v. Builders Mut. Ins. Co.*, No. 3:23-cv-67, 2023 WL 5153730, at *3-*4 (E.D. Va. Aug. 10, 2023); *Lilla v. Progressive Marathon Ins. Co.*, No. 2:22-cv-398, 2023 WL 3431230, at *3 (E.D. Va. May 12, 2023); *Cameron v. State Farm Fire & Cas. Co.*, No. 3:22-cv-180, 2022 WL 20669411, at *2 (E.D. Va. May 5, 2022); *Palmer v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:19-cv-403, 2019 WL 11270437, at *2-*3 (E.D. Va. Nov. 7, 2019); *Brave Ventures, LLC v. Ambrester*, 854 F. Supp. 2d 356, 358 (E.D. Va. 2012); *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1224 (E.D. Va. 2011); *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC*, No. 2:10-cv-310, 2010 WL 5476748, at *3 (E.D. Va. Dec. 2, 2010), *R&R adopted*, 2010 WL 5478607 (Dec. 30, 2010). Accordingly, the Court will consider whether any tort claimant or insured party is a citizen of Pennsylvania, New York, Delaware, or Massachusetts.

10. Plaintiff Entzminger alleges in his underlying suit that he resides in Midlothian, Virginia, and does not allege that he is a citizen of any other state. **Exhibit A**'s Exhibit 1, ¶ 29.

11. Plaintiff Klabunde alleges in his underlying suit that he resides in Midlothian, Virginia, and does not allege that he is a citizen of any other state. **Exhibit A**'s Exhibit 2, ¶ 29.

12. The Subscribing Member's Certificate issued in connection with both policies upon which the plaintiffs have filed suit identifies the Subscribing Member as "Va Motorsports Park, LLC dba Virginia Motorsports Park," with an address in N. Dinwiddie, Virginia. **Exhibit A**'s Exhibit 3 (second page) and Exhibit 4 (first page). The plaintiffs allege in their underlying complaints that Va. Motorsports Park, L.L.C. is a Virginia limited liability company with its principal office in Fredericksburg, Virginia. **Exhibit A**'s Exhibit 1, ¶ 34 and Exhibit 2, ¶ 34.

National Union and Lexington are not aware of any information suggesting that any member of Va. Motorsports Park, L.L.C. is a citizen of Pennsylvania, New York, Delaware, or Massachusetts.

13. The documents attached to the complaint in this case do not demonstrate that any other defendant is an insured or is properly joined to this suit. The sole cause of action in the complaint seeks relief against Lexington and National Union; it does not seek relief against the other purported defendants. **Exhibit A**, ¶¶ 92-94. Indeed, the complaint makes no material allegations at all about some defendants. Nevertheless, even if any such defendant were properly joined, the Court would realign that defendant with the claimants and/or insured(s) seeking coverage, and none of those defendants is alleged to be a citizen of Pennsylvania, New York, Delaware, or Massachusetts.

14. Defendant Ricky Arnold McNelly, the alleged driver, is allegedly a resident of Virginia, with no allegations that he is a citizen of any other state. **Exhibit A**'s Exhibit 1, ¶ 30.

15. Alan J. Chenery, alleged to be a member of the Virginia Motor Sport club, **Exhibit A** ¶ 69, is allegedly a resident of Virginia, with no allegations that he is a citizen of any other state, **Exhibit A**'s Exhibit 1, ¶ 31.

16. Audie Chenery, alleged to be a member of the Virginia Motor Sport club, **Exhibit A** ¶ 70, is allegedly a resident of Virginia, with no allegations that she is a citizen of any other state, **Exhibit A**'s Exhibit 1, ¶ 32.

17. Samuel J. Banks, alleged to be a member of the Virginia Motor Sport club who laid out the course, **Exhibit A** ¶ 71, allegedly has a service address in Virginia, with no allegations that he is a citizen of any other state, **Exhibit A**'s Exhibit 1, caption page.

18. Virginia Motor Sport Club, alleged to have sponsored an autocross event, **Exhibit A** ¶ 19, is allegedly a Virginia corporation with a principal office address in Colonial Heights, Virginia, **Exhibit A**'s Exhibit 1, ¶ 33.

19. Virginia Motorsports Park, L.C., alleged to have owned a parking lot, **Exhibit A** ¶ 20, is allegedly a Virginia limited liability company with a principal office address in Ashland, Virginia, **Exhibit A**'s Exhibit 1, ¶ 35.  National Union and Lexington are not aware of any information suggesting that any member of Virginia Motorsports Park, L.C. is a citizen of Pennsylvania, New York, Delaware, or Massachusetts.

20. Franklin Companies, LLC, d/b/a Virginia Motorsports Park is allegedly an "insured part[y]" under the policies at issue.  **Exhibit A**, ¶ 10. It is allegedly a Virginia limited liability company with a principal office address in Fredericksburg, Virginia, **Exhibit A**'s Exhibit 1, ¶ 36.  National Union and Lexington are not aware of any information suggesting that any member of Franklin Companies, LLC is a citizen of Pennsylvania, New York, Delaware, or Massachusetts.

21. Tommy L. Franklin (no relevant allegations in **Exhibit A**) is allegedly a resident of Virginia, with no allegations that he is a citizen of any other state, **Exhibit A**'s Exhibit 2, ¶ 37.

22. State Farm Mutual Insurance Company allegedly provides liability insurance to Mr. McNelly and UM/UIM coverage to Mr. Entzminger.  **Exhibit A**, ¶ 7. This company has alleged in other federal litigation that it is an Illinois corporation with its principal place of business in Illinois.

23. Acuity, a Mutual Insurance Company allegedly provides UM/UIM coverage to Mr. Klabunde.  **Exhibit A**, ¶ 8. This company has alleged in other federal litigation that for jurisdictional purposes it is a Wisconsin corporation with its principal place of business in Wisconsin.

24. Markel Insurance Company allegedly provides liability insurance to Virginia Motor Sport Club. **Exhibit A**, ¶ 9. This company has alleged in other federal litigation that it is an Illinois corporation with its principal place of business in Virginia.

Accordingly, to the extent the other defendants remain parties at all, none are citizens of Pennsylvania, New York, Delaware, or Massachusetts.

### CONSENT OF THE OTHER NAMED DEFENDANTS IS NOT NECESSARY

25. National Union and Lexington have removed the case and so obviously consent to its removal. Consent of improper, realigned, or nominal defendants is not necessary. *See, e.g.*, *Lilla v. Progressive Marathon Ins. Co.*, No. 2:22-cv-398, 2023 WL 3431230, at *3 (E.D. Va. May 12, 2023) (nominal); *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1222 n.2 (E.D. Va. 2011) (realigned); *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC*, No. 2:10-cv-310, 2010 WL 5476748, at *3 (E.D. Va. Dec. 2, 2010) (realigned), *R&R adopted*, 2010 WL 5478607 (Dec. 30, 2010). Accordingly, all defendants from whom consent is required have consented to the removal.

DATED: October 23, 2025

                                                Respectfully submitted,

                                                JACKSON & CAMPBELL, P.C.

By:   *Christopher P. Ferragamo*
        Christopher P. Ferragamo (VSB No. 47731)
        2300 N Street, N.W., Suite 300
        Washington, D.C. 20037-1194
        202-457-1600 (Main)
        202-457-5458 (Direct)
        cferragamo@jackscamp.com
        *Counsel for Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2025, a true and correct copy of the foregoing *Notice of Removal* was sent via email to the following:

Charles H. Cuthbert, Jr.
Richard M. Cuthbert
Cuthbert Law Offices
220 North Sycamore Street
Petersburg, VA 23803-3228
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com

*Counsel for Plaintiff Gilery Entzminger*

and

Kari J. La Fratta
Richard C. Armstrong
Allen, Alle, Allen, & Allen
946 Grady Ave., suite 201
Charlottesville, VA 22903
Kari.lafratta@allenandallen.com
Richard.Armstrong@allenandallen.com

*Counsel for Plaintiff Timothy Klabunde*

*/s/ Christopher P. Ferragamo*
Christopher P. Ferragamo (VSB No. 47731)