IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILERY ENTZMINGER, et al.

    Plaintiffs

v.                          Civil Action No. 3:25-cv-878

LEXINGTON INSURANCE COMPANY, et
al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Lexington Insurance Company ("Lexington") & National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union")'s MOTION TO REALIGN (ECF No. 6), the MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REALIGN (ECF No. 7), the PLAINTIFFS' OPPOSITION TO MOTION TO REALIGN AND MOTION TO REMAND (ECF No. 12) ("MOTION TO REMAND"); the PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REALIGN AND IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND (ECF No. 13), and the REMOVING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO REALIGN (ECF No. 14). For the reasons stated below, the Court will GRANT the MOTION TO REALIGN and DENY the MOTION TO REMAND.

## FACTUAL BACKGROUND

This case arises from an autocross event wherein the Plaintiffs, Gilery Entzminger, and Timothy Klabunde, were struck by a vehicle racing around the autocross track. An autocross event

is a "timed competition in which drivers navigate through a defined course." ECF No. 1-1, 21 n.1. There are two underlying tort suits pending in the Circuit Court of Dinwiddie County Virginia, one brought by Entzminger, and one by Klabunde. ECF No. 1-1, 4. The defendants in those tort suits (the "Tort Defendants") are also defendants in this case.[1] Also defendants in this case are the Tort Defendants' insurers: Lexington, National Union, State Farm Mutual Insurance Company ("State Farm"), Acuity, A Mutual Insurance Company ("Acuity") and Markel Insurance Company ("Markel") (collectively, the "Insurance Defendants"). In this case, Entzminger and Klabunde seek declarations as to the fact and amount of insurance coverage afforded them by the Insurance Defendants. ECF No. 1-1, 15-17. Plaintiffs originally brought this case in the Circuit Court of Dinwiddie County Virginia, but Lexington and National Union removed it to this Court. ECF No. 1.

The Plaintiffs filed their Opposition to the MOTION as both an Opposition and a Motion to Remand. ECF Nos. 12, 13. That is improper. There should be a separate Motion to Remand filed. However, the Court may examine the basis for its own jurisdiction sua sponte. In the name of efficiency, it will do so here.

---

[1] Those defendants are: Ricky McNelly, Alan Chenery, Audie Chenery, Virginia Motor Sport Club, Va. Motorsports Park, LLC, Virginia Motorsports Park, LC, Franklin Companies, LLC, Tommy Franklin, and Samuel Banks.

**ANALYSIS**

## I. Diversity Jurisdiction

A federal court is a court of limited jurisdiction. Diversity jurisdiction exists when (1) "the matter in controversy exceeds the sum or value of $75,000" and (2) is between "citizens of different States." 28 U.S.C. § 1332(a). The undisputed amount in controversy here is in excess of $75,000. See ECF No. 1-1, 15-17 (requesting declarations of coverage of up to $1,000,000 on multiple policies and $4,000,000 on others).

However, as the parties are aligned now, there is no diversity of citizenship because the Plaintiffs all are citizens of Virginia, and some of the Tort Defendants are citizens of Virginia. ECF No. 7, 2-3, 2 n.1. Lexington and National Union seek to realign the Tort Defendants as Plaintiffs in this case, which would create complete diversity of citizenship.[2] Thus, if the Motion to Realign is granted, there is diversity jurisdiction, and the Motion to Remand will be denied.

---

[2] Lexington and National Union seek to realign nine Virginia Defendants: McNelly (alleged to be a Virginia resident, but has not appeared in this case); the Chenerys (ECF No. 59); Banks (ECF No. 59); VA Motorsports Park L.C. (ECF No. 17); Va. Motorsports Park, LLC (ECF No. 65); Virginia Motor Sport Club (ECF No. 59); Franklin Cos., LLC (ECF No. 65), and Franklin (ECF No. 65). The remaining Defendants have citizenships as follows: Lexington (DE & NY, ECF No. 8), National Union (NY & PA, ECF No. 3), State Farm (IL, ECF No. 61), Acuity (WI, ECF No. 63), and Markel (IL, ECF No. 69).

## II. Realignment

The Fourth Circuit instructs that whether to realign parties is to be determined by applying a "principal purpose" test. U.S. Fid. & Guar. Co. v. A & S Mfg. Co., Inc., 48 F.3d 131, 133 (4th Cir. 1995); see also City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69 (1941). The test has two steps: (1) "the court must determine the primary issue in the controversy," and (2) "the court should align the parties according to their positions with respect to the primary issue." Id.

Lexington and National Union argue that the primary issue is "whether and to what extent the policies issued by Lexington and National Union respond to Plaintiffs' underlying tort claims." ECF No. 7, 4. Plaintiffs say that the principal purpose is "determining whether Lexington and National Union owe coverage to Plaintiffs for the injuries alleged in the underlying lawsuits." ECF No. 13, 3.[3] That is not really inconsistent with what the Insurance Defendants contend. The difference is more sematic than substantive. It is rather clear that the purpose of this case is to determine whether, and to what extent, the Plaintiffs are entitled to coverage under the Tort Defendants' insurance policies.

---

[3] Lexington and National Union clarify that in no case will they owe coverage directly to Plaintiffs, even though they may owe money to Plaintiffs because of coverage they owe to their insureds. ECF No. 14, 7-8.

4

Second, mindful of the primary purpose the Court must align the parties "according to their positions." U.S. Fid. & Guar. Co., 48 F.3d at 133. The Plaintiffs in this suit want a declaration that the Tort Defendants would be owed insurance coverage by the Insurance Defendants. If the Tort Defendants are found to be liable in the tort case, the Tort Defendants would want insurance coverage.

"[T]he normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." Home Ins. Co. of Illinois v. Adco Oil. Co., 154 F.3d 739, 741 (7th Cir. 1998). Thus, in a case where the insured seeks coverage, the typical alignment is insured and injured party versus insurer. And, indeed, many cases in this district have realigned insureds with plaintiffs seeking coverage from insurance companies resulting from a tort claim that plaintiffs have against the insureds. See, e.g., Smallwood v. Builders Mut. Ins. Co., Civil Action No. 3:23CV67, 2023 WL 5153730, at *3-*4 (E.D. Va. Aug. 10, 2023); Lilla v. Progressive Marathon Ins. Co., Case No.: 2:22-cv-00398, 2023 WL 3431230, at *3 (E.D. Va. May 12, 2023); Cameron v. State Farm Fire & Cas. Co., Civil Action No. 3:22-CV-180, 2022 WL 20669411, at *2 (E.D. Va. May 5, 2022); Palmer v. Nationwide Prop. & Cas. Ins. Co., Civil No. 2:19cv403, 2019 WL 11270437, at *2-3 (E.D. Va. Nov. 7, 2019); Mosby v. ALPS Prop. & Cas. Ins. Co., No. 3:15-CV-489, 2015 WL 5430366, at *1 (E.D. Va. Sept. 14, 2015);

5

held that the insured defendants should be realigned as party-plaintiffs. Id. Smallwood too does not help Plaintiffs.

Plaintiffs argue that Va. Motorsports Park, LLC, Franklin Companies, LLC, and Tommy Franklin (called the "Franklin Defendants") filed an answer in state court that "directly contests the existence of coverage for the Plaintiffs under the Lexington and National Union policies" and thus the Franklin Defendants' interests are not aligned with the Insurance Defendants' interests. ECF No. 13, 1-2.

First, while it is possible the insurer and insured could be aligned in avoiding coverage, that situation arises in very rare circumstances, none of which are alleged here. Typically, an insured seeks coverage. Second, the Answer was filed on October 28, 2025, and thus was improperly filed in the state case after removal, which occurred on October 23, 2025. ECF No. 1; ECF No. 14-2, 2. Any filing in the state case after the case was removed is of no effect because the state court lacked jurisdiction. See, e.g., Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57, 63-64 (2020). Thus, the Answer filed in state court should not be considered.

Even if the Court were to consider the belated Answer filed in State court, the result would not change. The Plaintiffs claim that the Franklin Defendants deny that coverage exists. ECF No 13, 3. However, that is incorrect. In fact, the Answer's statements in

response to any allegations about the insurance policies are that "[t]he terms of the Insurance Policy speak for themselves" and provide general denials. ECF No. 13-2, 5-11. Nothing in the Answer shows that the Franklin Defendants deny coverage. Therefore, there is no evidence any of the Tort Defendants are aligned with the Insurance Defendants.

CONCLUSION

Because the Insured Defendants' interests are most properly aligned with the Plaintiffs in this case, the MOTION TO REALIGN (ECF No. 6) will be GRANTED. As a result, the MOTION TO REMAND (ECF No. 12) will be DENIED.

It is so ORDERED.

_____/s/_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 22, 2026

8